UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-487-CRS

**SAMATHA MILBY,**                                                                                                  **Plaintiff,**

**v.**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**                               **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions related to the efforts of Plaintiff Samantha Milby ("Milby") to take discovery. First, Defendant Liberty Life Assurance Company of Boston ("Liberty") filed a motion for protective order (DN 61) that would shield it from participating in a Rule 30(b)(6) deposition noticed by Milby or that would, in the alternative, limit the scope of such deposition. Milby filed a response in opposition and Liberty filed a reply. (DN 63, 66.) Second, Milby filed a motion to compel related to her written discovery requests and three desired depositions (DN 67). Liberty filed a response in opposition and Milby filed a reply. (DN 70, 72.) Both motions are ripe for review. For the following reasons, Liberty's motion for protective order (DN 61) is **denied** and Milby's motion to compel (DN 67) is **granted in part** and **denied in part**.

## BACKGROUND

Both Liberty's motion for protective order and Milby's motion to compel relate to the permissible scope of discovery in cases brought under the Employee Retirement Income Security Act ("ERISA"). Milby alleges that she became disabled while covered under a long-term disability policy issued and underwritten by Liberty. (*See* DN 52 at ¶¶ 13, 15.) She alleges that Liberty approved her claim effective September 10, 2011 and that she received a monthly

disability income benefit until Liberty abruptly terminated her benefits effective February 21, 2013. (*Id.* at ¶¶ 16-17.) Milby further alleges that in terminating her benefits, "Liberty failed to consider all of [her] medical information, instead selectively focusing on information favorable to Liberty's objective of finding a reason to terminate her monthly disability income benefits." (*Id.* at ¶ 20.)

Milby filed suit in Jefferson Circuit Court, asserting a number of claims under Kentucky law. (*See generally* DN 1-1.) Liberty removed the case to this court. (DN 3.) Milby filed a motion to remand (DN 8). Following extensive briefing, Senior United States District Judge Charles R. Simpson, III denied the motion to remand and concluded that ERISA completely preempts Milby's asserted state law claims, permitting the exercise of federal question jurisdiction. (DN 46 (memorandum opinion); DN 47 (order).) Milby then filed an amended complaint (DN 52) in which she reasserted her state law claims "for the sole purpose of preserving her right to pursue said claims at such future time as the court allows" and also reframed her claims in the context of ERISA. (DN 52 at 4 n.1.) Specifically, Milby's amended complaint contains a breach of contract claim under Section 1132(a)(1)(B), a breach of fiduciary duty claim under Section 1132(a)(3), a claim for "make whole relief" also under Section 1132(a)(3), and a claim for attorney's fees under Section 1132(g). (*Id.* at 7-9.) Liberty responded with an answer and counterclaim[1] (DN 53).

## DISCUSSION

1. **Recent Case Law from the Western District of Kentucky**

A significant amount of the briefing on both motions now before the Court relates to the

---

[1] The counterclaim relates to alleged overpayments of disability benefits to Milby in light of her receipt of Social Security disability payments. It is not relevant for purposes of the discovery-related motions now before the Court.

2

extent to which discovery is permitted in relation to a claim for breach of contract brought pursuant to § 1132(a)(1)(B). This has become a hotly disputed issue in our district. In short, Liberty's position is that a court's review of a denial of benefits under ERISA is limited to the administrative record and that discovery outside of the administrative record is not permitted or is, at the very least, strictly confined. By contrast, Milby argues that she is entitled to extensive discovery because she has alleged a structural conflict of interest -- that is, she alleges that Liberty is inherently biased against approving long-term disability claims like hers because it is both the evaluator of such claims and the payor on such claims. These arguments permeate the parties' briefing on both Liberty's motion for protective order and Milby's motion to compel.

As both parties are aware, in a number of recent cases, this District has consistently held that "the mere existence of an evaluator/payor conflict of interest [is] sufficient to allow discovery outside the administrat[ive] record." *Blackwell v. Liberty Life Assur. Co.*, 2016 U.S. Dist. LEXIS 73317, *20 (W.D. Ky. May 19, 2016);[2] *see also Scott-Warren v. Liberty Life Assur. Co. of Boston*, 2016 U.S. Dist. LEXIS 90730 (W.D. Ky. July 12, 2016); *Myers v. Anthem Life Ins. Co.* 2016 U.S. Dist. LEXIS 37411 (W.D. Ky. March 21, 2016); *Owens v. Liberty Life Assur. Co. of Boston*, 2016 U.S. Dist. LEXIS 51350 (W.D. Ky. Jan. 15, 2016); *Davis v. Hartford Life & Accident Ins. Co.*, 2015 U.S. Dist. LEXIS 158313 (W.D. Ky. Nov. 24, 2015); *Gluc v. Prudential Life Ins. Co. of Amer.*, 309 F.R.D. 406 (W.D. Ky. Aug. 5, 2015). This rule is rooted in the Supreme Court's decision in *Metro Life Ins. Co. of North America v. Glenn*, 554 U.S. 105 (2008). *See Gluc*, 309 F.R.D. at 412 ("With the rendition of *Glenn*, the Supreme Court held that a plan administrator that both evaluates a claim and pays claims operates under a per se conflict

---

[2] Milby's two attorneys of record in this case also represented the *Blackwell* plaintiff, and two of the three attorneys of record for Liberty in this case also defended Liberty in *Blackwell*.

of interest in making discretionary benefit determinations.") (citation omitted). After identifying this rationale for permitting discovery beyond the administrative record, the courts of our district then typically identify certain "permitted areas of inquiry," as well as "categories of inquiry that are *not* within the areas of permitted discovery," and go on to analyze the propriety of specific discovery requests served by the ERISA plaintiff. *See, e.g.*, *Myers*, 2016 U.S. Dist. LEXIS 37411 at *17-19 (discussing permitted and impermissible areas of inquiry in relation to the allegation of conflict of interest or bias standard); *see generally id.* (analyzing individual discovery requests).

> 2. **The Parties' Arguments Regarding Milby's Breach of Fiduciary Duty Claim**

After significant consideration, the Court concludes that the analytical framework set forth above should not be applied to the discovery dispute in this case, at least at this time. The reason for this conclusion is set out in Milby's amended complaint: she currently has a pending breach of fiduciary duty claim pursuant to Section 1132(a)(3). (DN 52 at 8 (Count "B").) Milby raises this argument --albeit briefly -- in her response to the motion for protective order, as well as in her motion to compel, before moving on to frame her argument in terms of what is permitted under a Section 1132(a)(1)(B) breach of contract claim as in the recent cases described above. (*See* DN 63 at 2 ("Further, Ms. Milby has brought an ERISA [1132](a)(3) claim, which does not suffer from any discovery limitation other than Rule 26.") (citing *Jones v. Allen*, 2014 U.S. Dist. LEXIS 37446 (S.D. Ohio Mar. 21, 2014)); DN 67 at 2-3 ("Further, Ms. Milby has also brought ERISA [1132](a)(3) claims. Because [such a] claim does not concern the contents of a claim file (administrative record), it does not suffer from any discovery limitations other than

4

Rule 26.") (citing *Jones*, *supra*); *id.* at 10 ("Again, Ms. Milby's [1132](a)(3) discovery is not limited in scope.").)

     In response, Liberty repeatedly represents that it intends to file a motion for partial judgment on the pleadings that would dispose of Milby's fiduciary duty claim. Indeed, in its response to Milby's motion to compel, Liberty goes so far as to provide what is essentially a mini-brief arguing that the breach of fiduciary duty claim should be dismissed. (DN 70 at 3-6.) Liberty argues that any discovery to which Milby would be entitled as a result of her fiduciary duty claim will no longer exist following a ruling in its favor that would dispose of such claim. (*See, e.g.*, DN 61-1 at 3 ("Moreover, counsel for Plaintiff advised that he is filing a motion to compel discovery responses in this case, and Liberty will soon file a motion for partial judgment on the pleadings with respect to Plaintiff's claim for breach of fiduciary duty."); *id.* at 3-4 (requesting that if the Court does not grant the motion for protective order, it instead withhold a ruling on the propriety of a 30(b)(6) deposition "until after the Court rules on Plaintiff's anticipated motion to compel and Defendant's soon-to-be filed motion for partial judgment on the pleadings regarding Plaintiff's breach of fiduciary duty claim.").) In making this argument, Liberty appears to concede that if Milby's breach of fiduciary duty claim survives, discovery will not be limited to the administrative record. (*See, e.g.*, DN 61-1 at 3 ("The Court's ruling on [a motion to compel and a motion for partial judgment on the pleadings] will also impact the availability and scope of discovery in this matter.").)

     The thrust of Liberty's argument is that based on the Sixth Circuit's recent decision in *Rochow v. Life Insurance Company of America*, 780 F.3d 364 (6th Cir. 2015), Milby's fiduciary duty claim cannot survive. In *Rochow*, the Sixth Circuit held that an ERISA plaintiff may not

5

maintain a breach of contract claim *and* a breach of fiduciary duty claim where both are based on the same conduct by the defendant-insurer. The Sixth Circuit stated as follows:

> A claimant can pursue a breach-of-fiduciary-duty claim under § 502(a)(3), irrespective of the degree of success obtained on a claim for recovery of benefits under § 502(a)(1)(B), only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate.

*Rochow*, 780 F.3d at 372 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)).

In recent months, several ERISA plaintiffs within this District have seen their fiduciary duty claims dismissed in reliance upon *Rochow*. For example, in *Quarles v. Hartford Life & Accident Insurance Company*, 2016 U.S. Dist. LEXIS 65188 (W.D. Ky. May 17, 2016), United States District Judge David J. Hale squarely addressed this issue. After finding that the complaint raised claims under both Sections 1132(a)(1)(B) and (a)(3), the *Quarles* court concluded that the latter claim must be dismissed "because Quarles failed to allege an injury separate and distinct from the denial of his benefits." *Id.* at *4 (citation to record omitted). The court reasoned as follows:

> An ERISA plaintiff may pursue a claim under § 1132(a)(3), but only when it "is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372-73 (6th Cir. 2015) (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). In *Myers v. Anthem Life Ins. Co.*, 2015 U.S. Dist. LEXIS 143475 (W.D. Ky. Oct. 22, 2015), the court dismissed the plaintiff's § 1132(a)(3) claim, finding that it was "impossible for [it] to infer a plausible claim for relief under § 1132(a)(3)" because the complaint lacked "the necessary facts and

> allegations that should be included in a well-pled complaint." 2015 U.S. Dist. LEXIS 143475 at *7 (internal quotation marks omitted).
>
> Here, as in *Myers*, Quarles alleges numerous flaws in Hartford's claims process, but only one injury: the denial of benefits. He contends that without discovery, it is impossible to determine what remedies are adequate. [citation omitted] But Quarles's alleged injury—the denial of benefits—can be remedied by § 1132(a)(1)(B), which allows Quarles "to recover benefits due to him." 29 U.S.C. § 1132(a)(1)(B). No discovery is necessary to make this determination. Thus, because Quarles has failed to allege "an injury separate and distinct from the denial of benefits" or show why "the remedy afforded by Congress under § [1132](a)(1)(B) is . . . inadequate," the Court will dismiss his § 1132(a)(3) claim. *Rochow*, 780 F.3d at 372-73.

*Id.* at *5-6.

### 3. Discovery in Relation to ERISA Breach of Fiduciary Duty Claims

Notwithstanding its repeated statements regarding its future filings, Liberty has *not* filed a motion for partial judgment on the pleadings. Accordingly, the task now before the Court is to address Liberty's motion for protective order and Milby's motion to compel in light of the scope of discovery where the cause of action is an ERISA breach of fiduciary duty claim. As is evident from the discussion below, to address this issue, the Court must look to other jurisdictions.

#### a. Analysis of Related Case Law

It appears that the only case from our district expressly discussing this question is not on point factually and was issued in 2001, several years before the flurry of recent cases regarding the scope of ERISA discovery. It is, nonetheless, worth noting. In *Kulkarni v. Metro Life Ins. Co.*, 187 F. Supp. 2d 724, 729 (W.D. Ky. 2001), the Court stated that its "conclusion that [the] Plaintiff has standing to assert a breach of fiduciary duty claim entails her right to discovery of

7

documents relating to that claim." The Court did not address the plaintiff's right to discovery in contrast to the scope of discovery if her only claim was for breach of contract.

District courts from outside of the Sixth Circuit can additional provide guidance. In *Malbrough v. Kanawha Insurance Company*, 943 F. Supp. 2d 684 (W.D. La. 2013), the Western District of Louisiana examined the issue now before this Court. The court first noted that the Fifth Circuit had not yet addressed the issue of the scope of discovery in a Section 1132(a)(3) case, stating that "while some district courts in the Fifth Circuit have allowed discovery to proceed in a case that may include a[] § 1132(a)(3) claim, they do not express the exact scope of said discovery." *Id.* at 692 (citations omitted). The court then identified several decisions of district courts outside of the Fifth Circuit that "squarely addressed" the issue. *Id.* In particular, the *Malbrough* court looked to the following analysis from the District of Wyoming:

> [In] *Jensen v. Solvay Chemicals, Inc.*, 520 F. Supp. 2d 1349 (D. Wyo. 2007), [ . . . ] a district court reversed [a magistrate judge's] finding, holding that while discovery was limited in § 1132(a)(1)(B) cases, [ . . . ] "[c]ase law does not constrain discovery under ERISA [§ 1132(a)(3) actions. The limited discovery ordered by [the magistrate judge] and proscribed by *Hall* [*v. Unum Life Ins. Comp. of Am.*, 300 F.3d 1197 (2002)] is limited to claims arising under ERISA [§ 1132(a)(1)(B)]. This is logical as these actions do not benefit from the administrative process. Courts are not required to give difference to plan committees or fiduciaries in [§ 1132(a)(3)] actions and therefore limitations to the administrative record are not required. Section [1132(a)(3)] actions are to enforce rights not arising under ERISA plans, but rather arising from ERISA itself. Therefore, a finding that claims arise from ERISA § [1132(a)(3)] reverts discovery into the traditional realm and is governed under traditional federal circuit, and local procedure."

*Id.* (quoting *Jensen*, 520 F. Supp. 2d at 1349) (internal citations omitted).

The *Malbrough* court went on to cite "[m]any other district courts [that] have followed this trend," including our own district in the *Kulkarni* decision described above. *Id.* at 692-93 (citing *Mainieri v. Bd. Of Trustees of Operating Engineer's Local 825 Pension Fund*, 2008 U.S. Dist. LEXIS 71247 (D. N.J. Sept. 10, 2008); *Jackson v. Rohm & Haas Co.*, 2007 U.S. Dist. LEXIS 74555, *1 (E.D. Pa. Oct. 5, 2007); *Kulkarni*, 187 F. Supp. 2d at 728) (parenthetical descriptions omitted). In *Malbrough*, the court found the reasoning of these other districts persuasive and went on to reason that under the circumstances of that case, "[l]imiting the parties' ability to conduct discovery to the same extent that parties are limited in § 1132(a)(1)(B) actions would thus preclude the[m] . . . from obtaining evidence necessary to defend against a motion for summary judgment." *Id.* at 693. After considering and rejecting other arguments by the defendant in favor of constricted discovery, the court ordered the parties to proceed with discovery.

Additionally, in *Moran v. Life Insurance Company of North America*, 2014 U.S. Dist. LEXIS 119844 (M.D. Pa. Aug. 27, 2014), the Middle District of Pennsylvania came to the same conclusion. After addressing the scope of discovery related to a Section 1132(a)(1)(B) claim, the *Moran* court stated that the plaintiff's discovery requests were appropriate for an independent reason. *Id.* at *23. "In particular," the court stated, the plaintiff "set forth a breach of fiduciary duty claim against [the defendant] in this action." *Id.* The court noted that while the defendant opposed plaintiff's request for discovery beyond the administrative record, the defendant "fail[ed] to cite any authority indicating that the discovery restrictions applicable to ERISA denial of benefits claims also apply to breach of fiduciary duty claims." *Id.* at *23-24. The *Moran* court stated that district courts within the Third Circuit "have concluded that 'discovery

concerning a breach of fiduciary duty claim does not fall prey to the same restrictions that govern denial of benefits allegations.'" *Id.* at *24 (quoting *Mainieri*, 2008 U.S. Dist. LEXIS 71247 at *4; citing *Jackson v. Rohm & Haas Co.*, 2007 U.S. Dist. LEXIS 74555 at *1 (parenthetical description omitted)). The court also examined cases, including *Kulkarni* and *Malbrough*, from a number of other jurisdictions and found that they expressed a consistent view. *See id.* at *24-25 (collecting cases). The *Moran* court concluded its discussion by stating that irrespective of the standard of review applied to the defendant's denial of benefits (an issue that was closely related to the scope-of-discovery arguments put forth by the parties in this case in relation to Milby's Section 1132(a)(1)(B) claim), discovery on the breach of fiduciary claim was warranted. *Id.* at *25.

      b. <u>Application to this Case</u>

This Court finds persuasive the reasoning applied in *Malbrough*, *Moran*, and the cases upon which they rely. The Court finds that where a claim arises from ERISA § 1132(a)(3), discovery "reverts . . . into the traditional realm and is governed under traditional federal, circuit, and local procedure." *Jensen*, 520 F. Supp. 2d at 1356 (citation omitted). Despite Liberty's strenuous arguments in favor of the eventual dismissal of Milby's breach of fiduciary duty claim, it has not filed any motion that could potentially dispose of the claim. Even if Liberty might succeed if it filed the long-promised motion for partial judgment on the pleadings, it cannot escape the fact that Milby *currently* has a pending cause of action pursuant to Section 1132(a)(3). Based on the analysis set forth above, the arguments in Liberty's motion for protective order and in Milby's motion to compel are largely inapposite. The scope of discovery is not constrained by the analytical framework proposed by Liberty that would limit discovery to the administrative

record. Nor is discovery in this case constrained by the comparatively broader scope of discovery championed by Milby and largely employed in recent decisions of this circuit in relation to § 1132(a)(1)(B) claims. Based on the foregoing, this Court finds that discovery is permissible in this case due to the existence of a breach of fiduciary duty claim pursuant to § 1132(a)(3).

### 4. Milby's Request for Sanctions

Milby's motion to compel (DN 67) is denied to the extent that she requests that the Court sanction Liberty pursuant to Rule 37 of the Federal Rules of Civil Procedure. The law on the scope of discovery in Section 1132(a)(1)(B) claims is far from settled in the Sixth Circuit, and the Court expressly rejects Milby's arguments that Liberty has intentionally and improperly obstructed the discovery process. Moreover, in granting the motion to compel, the Court has based its decision on the existence of the breach of fiduciary duty claim, which neither party addressed in depth in briefing. The Court has not given Milby free rein to obtain discovery limited only by her own imagination. On the contrary, discovery in this case, as in all other civil matters, is limited by the Federal Rules of Civil Procedure, the Local Rules, and binding case law.

### 5. Milby's Purported Instructions to Liberty

Finally, Liberty may disregard the purported instructions included by Milby at the top of each page of her written discovery requests. (*See* DN 67-1, 67-2.) The instructions that Milby and her counsel presume to impose upon Liberty go well beyond the requirements imposed by the actual authorities on civil discovery -- the Federal Rules of Civil Procedure, Local Rules, and orders of this Court. There is no need to go into greater detail on this issue, as the Court has

recently addressed it with consistent rulings in several other cases involving Milby's counsel of record.  *See, e.g.*, *Scott-Warren v. Liberty Life Assur. Co. of Boston*, 2016 U.S. Dist. LEXIS 90745, *15-18 (W.D. Ky. July 12, 2016); *Myers v. Anthem Life Ins. Co.* 2016 U.S. Dist. LEXIS 37411 at *20-22.

## ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Liberty's motion for protective order (DN 61) is **DENIED**.

(2) Milby's motion to compel (DN 67) is **GRANTED IN PART** and **DENIED IN PART**.

    (a) The motion to compel is **GRANTED** to the extent that Milby requests that Liberty be compelled to respond to Milby's discovery requests consistent with her obligations pursuant to the Federal Rules of Civil Procedure, Local Rules, and binding precedent.

    (b) The motion to compel (DN 67) is **DENIED** to the extent that Milby requests that the Court sanction Liberty pursuant to Rule 37 of the Federal Rules of Civil Procedure.

(3) Liberty may disregard the instructions provided by Milby in the text boxes that appear on Milby's written discovery requests.

(4) The parties shall PROCEED WITH DISCOVERY.  **No later than September 23, 2016**, the parties shall file a JOINT PROPOSED AMENDED SCHEDULING ORDER.

Disagreement as to the terms of such an order does not obviate the requirement that the proposed order be submitted jointly.

(5) Finally, IT IS HEREBY ORDERED that neither party shall file any discovery-related motion without first (1) complying with the terms of LR 37.1 as to conferring in good faith with opposing counsel; and (2) requesting and participating in a telephonic conference with the Court. Either party may request such a conference by contacting Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov.

cc: Counsel of record