UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAMANTHA MILBY                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:13-CV-00487-CRS-CHL

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON                                                                        DEFENDANT

### MEMORANDUM OPINION

I. Introduction

This matter is before the Court on Defendant Liberty Life Assurance Company of Boston's ("Liberty") motion for partial summary judgment on all claims asserted by Plaintiff Samantha Milby under 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Mot. Partial Summ. J., ECF No. 74. In her amended complaint, Milby alleges that Liberty's denial of her long term benefits was a contractual breach under 29 U.S.C. § 1132(a)(1)(B). Amend. Compl. ¶¶ 49–51, ECF No. 52. Milby also asserts two claims under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty and "make whole relief." *Id.* ¶¶ 52–57. For the reasons below, the Court will grant Liberty's motion for partial summary judgment.

II. Standard of Review

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party satisfies this burden, the non-moving party must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

1

242, 247–48 (1986). The Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the "mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

    III.    Background

According to the amended complaint, Milby was working as a nurse at University of Louisville Medical Center when she became disabled. Amend. Compl. ¶¶ 11, 15, ECF No. 52. Milby was insured under a group long term disability insurance policy issued and underwritten by Liberty. *Id.* ¶ 13. She filed a claim for benefits under this policy and Liberty approved her claim effective September 10, 2011. *Id.* ¶¶ 15–16. Liberty subsequently terminated Milby's benefits effective February 21, 2013. *Id.* ¶ 17.

Milby filed suit in Jefferson County, Kentucky Circuit Court and Liberty removed to this Court. Not. Removal, ECF No. 1. Milby alleges that Liberty's termination of her long term benefits was a contractual breach under 29 U.S.C. § 1132(a)(1)(B) and she seeks to "enforce the contractual terms of the Policy, to obtain past benefits, to receive reinstatement for payment of future benefits, and to obtain declaratory relief." Amend. Compl. ¶¶ 49–51, ECF No. 52. Milby also asserts two claims under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty and "make whole relief." *Id.* ¶¶ 52–57. Her claims for breach of fiduciary duty and "make whole relief" are now at issue. Milby asserts that Liberty breached its fiduciary duty to her "by establishing a systemically flawed claims process that does not comply with the applicable Department of Labor claim regulations, the applicable insurance laws and regulations, and the policy terms." *Id.* ¶ 53. Milby alleges that Liberty's claims personnel:

    a. are trained to automatically accept the opinions of Liberty's paid medical reviewers;
    b. are trained not to seek an accurate claim decision, but instead to only seek to render a reasonable decision;
    c. are trained to place Liberty's financial interests ahead of its participants and beneficiaries;
    d. are not trained to consult with health care professionals with appropriate training and experience;
    e. are trained not to obtain independent and unbiased medical opinions, but instead seeks opinions favorable to its own financial interests; and
    f. are not trained to provide an appeal that considers all of the evidence anew and without deference to its prior adverse claim decision.

*Id.* ¶ 54. For this claim, Milby seeks, "on behalf of herself and all other participants, appropriate equitable relief including enjoining Liberty's systemically flawed claims practices that violate the terms of the plan and ERISA, redressing such violations, and/or enforcing provisions of the plan and ERISA." *Id.* ¶ 55. Milby also asserts an apparently separate claim for "make whole relief" under § 1132(a)(3). Under this claim she alleges that "[a]s a result of Liberty's termination of her long term disability benefits, [she] has incurred damages in addition to the unpaid benefits," and she asks for equitable and "make whole" relief. *Id.* ¶¶ 56–57.

    Liberty now moves for partial summary judgment on Milby's claims brought under 29 U.S.C. § 1132(a)(3). Mot. Partial Summ. J., ECF No. 74-1. Milby responded, ECF No. 76, and Liberty replied, ECF No. 81.

    IV.   <u>Discussion</u>

    Under 29 U.S.C. § 1132(a)(1)(B), a participant or beneficiary of an insurance plan governed by ERISA may bring suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." In addition, under 29 U.S.C. § 1132(a)(3), a participant, beneficiary, or fiduciary may bring suit to enjoin any act or practice that violates ERISA or the terms of the plan, or to obtain other appropriate equitable relief to either redress those violations or enforce

3

any provisions of ERISA or the plan. Such equitable relief can include "make whole relief" in certain circumstances. *See, e.g., CIGNA Corp. v. Amara*, 563 U.S. 421, 440–42 (2011) (finding "make whole relief" potentially available under § 1132(a)(3) based on circumstances resembling fraud). However, § 1132(a)(3) functions "as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996). As the Supreme Court explained in *Varity Corp.*, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 515 (internal quotation marks omitted).

In *Rochow v. Life Insurance Co. of North America*, the Sixth Circuit analyzed a plaintiff's ability to seek relief under both § 1132(a)(1)(B) and § 1132(a)(3). 780 F.3d 364 (6th Cir. 2015). "A claimant can pursue a breach-of-fiduciary-duty claim under [§ 1132(a)(3)] . . . only where the [§ 1132(a)(3)] claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." *Id.* at 372. Thus, the § 1132(a)(3) claim for equitable relief must be more than "a repackaged claim for benefits wrongfully denied." *Id.* at 375. And although "the exact contours under which 'make whole relief' is available is still an evolving area of law, it is clear that when it is available there are unique circumstances beyond just a denial of benefits." *Hackney v. Lincoln Nat. Life Ins. Co.*, No. 3:11-CV-00268-TBR, 2014 WL 3940123, at *5 (W.D. Ky. Aug. 12, 2014).

Here, Liberty argues that Milby's claims under § 1132(a)(3) fail as a matter of law because "ERISA does not provide equitable relief for breach of fiduciary duty where, like here, a claimant's alleged injury can be remedied under another ERISA enforcement provision—like §

1132(a)(1)(B)." Mem. Support Mot. Partial Summ. J. 3, ECF No. 74-1 (internal quotations omitted). In response, Milby contends that Liberty's motion is legally without merit because Milby has asserted a viable claim for relief under § 1132(a)(3) and Liberty has failed to offer evidence in support of its motion. Resp. Mot. Partial Summ. J. 2–3, ECF No. 76. In addition, because Milby has not received court-ordered discovery responses, she asserts a Federal Rule of Civil Procedure 56(d) objection and provides a declaration from her attorney in support thereof. *Id.* at 5.

The Court finds partial summary judgment in favor of Liberty is appropriate because Milby fails to set forth evidence of an injury separate and distinct from the denial of her benefits. In her amended complaint, Milby alleges that Liberty improperly terminated her long term disability benefits. Milby further alleges numerous flaws in Liberty's claims process, but only one injury: the termination of benefits. This fact is dispositive on the matter before the Court.

Milby contends that Liberty failed to prove that she could obtain complete relief under § 1132(a)(1)(B) and that Milby cannot show without discovery that § 1132(a)(1)(B) is inadequate for complete relief. Resp. Mot. Partial Summ. J. 7, ECF No. 76. However, Milby's alleged injury—the denial of benefits—can be remedied by § 1132(a)(1)(B), which allows a plaintiff "to recover benefits due to [her]." 29 U.S.C. § 1132(a)(1)(B). Although Milby alleged several flaws in the claims process, "on behalf of herself and all other participants," Amend. Compl. ¶ 55, ECF No. 52, this case is not a class action and only concerns Milby's alleged injury of Liberty's denial of her benefits. *See Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2016 WL 1574151, at *4 n.1 (W.D. Ky. Apr. 19, 2016). Thus, this case is distinguishable from *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710, 717–18 (6th Cir. 2005), and *Amara*, 563 U.S. at 424, because it is not a class action and "an injunction, plan-wide relief for

systematic administration defects, or reformation of the policy would not accomplish anything beyond a potential award of these benefits." *Hackney*, 2014 WL 3940123, at *5 (citing *Varity Corp.*, 516 U.S. at 515). Therefore, in this case, any potential breach of fiduciary duty can be fully remedied by an award of benefits under § 1132(a)(1)(B).

This finding is in keeping with this Court's recent decisions concerning strikingly similar claims and allegations. *See Owens v. Liberty Life Assurance Co. of Boston*, No. 4:15CV-00071-JHM, 2016 WL 4746212, at *3 (W.D. Ky. Sept. 12, 2016); *Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-CV-372-DJH, 2016 WL 2903284, at *2 (W.D. Ky. May 17, 2016); *Davis*, 2016 WL 1574151, at *4; *Hackney*, 2014 WL 3940123, at *5. Moreover, "[n]o discovery is necessary to make [the] determination" that § 1132(a)(1)(B) can adequately remedy a denial of benefits. *Quarles*, 2016 WL 2903284, at *2. Therefore, Milby's 56(d) objection will be overruled because decision on this matter is not premature.

Liberty provided this Court with case law supporting a finding that Milby's § 1132(a)(3) claims fail as a matter of law. Once Liberty satisfied this burden, Milby had the burden of providing this Court with specific facts demonstrating a genuine issue of fact for trial. *Anderson*, 477 U.S. at 247–48. In her response, Milby did not provide this Court with any evidence showing "an injury separate and distinct from the denial of benefits or show why the remedy afforded by Congress under § 1132(a)(1)(B) is … inadequate." *See Quarles*, 2016 WL 2903284, at *2 (citing *Rochow*, 780 F.3d at 372–73) (internal quotation marks omitted). Therefore, the Court will grant Liberty's motion for partial summary judgment and will dismiss Milby's § 1132(a)(3) claims.

V.  Conclusion

The Court will overrule Milby's Federal Rule of Civil Procedure 56(d) objection. In addition, the Court will grant partial summary judgment to Liberty on Milby's § 1132(a)(3) claims for breach of fiduciary duty and "make whole relief." The Court will enter an order in accordance with this opinion.

November 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

7